UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| AMAZON.COM, INC., a Delaware corporation; AMAZON.COM SERVICES LLC, a Delaware limited liability company; and AMAZON TECHNOLOGIES INC, INC., a Nevada corporation,<br><br>                  Plaintiffs,<br>   v.<br><br>VINH HOANG LY, an individual; VHL DISTRIBUTION, LLC, a Pennsylvania limited liability company; LY ECOM FREEDOM LLC, a Pennsylvania limited liability company; and DOES 1-10, d/b/a "ungatingamazon.com" and "theungatingwizard.com",<br><br>                  Defendants. | CASE NO. 2:23-cv-01061-TL<br><br>ORDER ON REQUEST FOR ENTRY OF CONSENT JUDGMENT AND PERMANENT INJUNCTION |

      This matter is before the Court on the Parties' request for entry of their Stipulated Consent Judgment and Permanent Injunction ("Consent Judgment") (Dkt. No. 39). Having considered the Consent Judgment and the relevant record, and for the following reasons, the Court DENIES the request to enter the Consent Judgment, with leave to re-file.

ORDER ON REQUEST FOR ENTRY OF CONSENT JUDGMENT AND PERMANENT INJUNCTION - 1

Axiomatically, a consent judgment must be consented to by all parties it binds. Here, Plaintiffs have manifested their consent with the signature of one of their attorneys. *Id.* at 5. However, no attorney for Defendants has entered an appearance in this case. On October 25, 2024, the Parties filed a Joint Status Report that identified "Leslie R. Gillis, *Pro Hac Vice*" of Rosenbaum & Segall, P.C. as Defendants' counsel. Dkt. 35 at 8. The Court noted that Ms. Gillis had not in fact been granted (or requested) pro hac vice status, though the address under her signature was located in New York, and accordingly ordered Defendants' counsel to "file a notice of appearance and/or application for leave to appear pro hac vice **within fourteen (14) days**" of November 19, 2024. Dkt. No. 36. This order was ignored: to date neither Ms. Gillis nor any other attorney for Defendants has applied for pro hac vice admission or appeared in this case.

Even assuming Ms. Gillis is authorized to sign the Consent Judgment on Defendants' behalf, such signature must conform to Local Civil Rule ("LCR") 11. Under LCR 11(a)(6), an attorney's name typed with the "s/ [Name]" convention is considered a valid signature only where the attorney is (i) admitted to the bar of this court or (ii) granted or seeking pro hac vice admission. Ms. Gillis does not currently meet either criterion. Therefore, her signature on the Consent Judgment is invalid, and the Court cannot enter it. Should the Parties refile for a consent judgment, the Court will entertain a request to waive the pro hac vice requirement for the limited purpose of entering a consent judgment; however, Ms. Gillis would still need to use one of the other methods of signature authorized under Rule 11.

Accordingly, it is hereby ORDERED:

(1) The request to enter the Stipulated Consent Judgment and Permanent Injunction (Dkt. No. 39) is DENIED with leave to refile with proper signatures.

(2) Defendants' counsel SHALL take one of the following actions either before or concurrently with the refiling of any proposed consent judgment:

    (a) Enter an appearance in this case pursuant to LCR 83.2, if eligible under LCR 83.1(b);

    (b) Apply for pro hac vice admission pursuant to LCR 83.1(d); or

    (c) File a motion asking the Court to waive the pro hac vice requirement for the limited purpose of entry of a consent judgment. Such motion must be accompanied by a sworn statement, signed under penalty of perjury, providing the following: (1) counsel's bar number(s), (2) counsel's state(s) of bar membership, (3) counsel's mailing address, (4) a statement that counsel has not been disbarred or formally censured by a court of record or by a state bar association, (5) a statement that there are no pending disciplinary proceedings against counsel, and (6) a listing of the client(s) counsel represents in this matter. In the event that Defendants' counsel elects to move for a waiver of the pro hac vice requirement in accordance with this paragraph, any such waiver that may be granted will not extend to any enforcement actions or other supplemental proceedings required in this matter.

(3) Plaintiffs' counsel SHALL be responsible for ensuring delivery of this order to Defendants' counsel.

Dated this 5th day of June 2025.

Tana Lin
United States District Judge

ORDER ON REQUEST FOR ENTRY OF CONSENT JUDGMENT AND PERMANENT INJUNCTION - 3